[No. 1979.]

## J. H. ANDERSON *v.* THE STATE.

1. PERJURY— INDICTMENT.— Article 3761 of the Revised Statutes provides, with regard to the payment of the salaries of public school teachers, that "the amount contracted by the trustees to be paid a teacher shall be paid on a check drawn by a majority of the trustees on the county treasurer, and approved by the county judge. The check shall in all instances be accompanied by the affidavit of the teacher that he is entitled to the amount specified in the check as compensation under his contract as a teacher." In order to assign perjury in making the affidavit contemplated by the said article, it is essential that the indictment set forth both the check and the affidavit. See the opinion *in extenso* for an affidavit held sufficient in form, and, in connection with the check, which is properly set out in the indictment, sufficient to charge the offense.

2. SAME — ACCOMPLICE TESTIMONY — CASE STATED.— McC., one of the trustees who signed the check, testified for the State that he and the other two trustees signed the check in favor of the defendant for his services as teacher during the month of February; that, in fact, defendant did not teach the school during the month of February, but that the trustees, believing that the money, if not then drawn from the treasury, would revert to the general school fund, and be lost to the school community, made a contract with the defendant to draw the money as for February, and afterwards teach the school during the month of June in lieu of February. *Held*, that such transaction constituted each of the trustees a *particeps criminis* to the extent at least of rendering the testimony of either one of them the testimony of an accomplice, and subject to the rules requiring the corroboration of such testimony.

3. PERJURY — CHARGE OF THE COURT.— The testimony of two credible witnesses, or that of one with strong corroboration, is necessary to support a conviction for perjury. In all cases in which an accomplice or *particeps criminis* testifies for the State, or in which the evidence tends to show that one or more of the State's witnesses are accomplices, the law in relation to such testimony should be given in charge to the jury. Failing in this respect, the charge of the court in this case is insufficient.

APPEAL from the District Court of Cherokee.   Tried below before the Hon. J. I. Perkins.

The conviction was for perjury in falsely swearing to the teacher's affidavit upon a check or voucher upon the county school fund. The penalty awarded was a term of five years in the penitentiary.

The substance of the testimony upon which the conviction was had is sufficiently indicated in the opinion.   The money paid to the defendant on the check was subsequently refunded by him to the county judge.

*Guinn & Gregg*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.   Appellant was convicted upon an indictment charging him with perjury.   The matter assigned as perjury was an affidavit made by him as a teacher in a public free school of the county to a check or voucher drawn by the trustees in order to procure the approval of the county judge to said voucher, said approval being requisite to enable him as teacher to draw the amount of money called for in the check or voucher from the county treasury.   This affidavit was as follows, viz.:

"FORM A ——, DISTRICT ——.

"*The County of Cherokee, State of Texas, to J. H. Anderson:*

| "Date. | For services rendered as teacher of a | Dollars. | Cents. |
| "P. O. | public free school, holding a certificate | | |

of competency of the second grade, employed by Bose McCrimmon, Sam Anderson and Daniel McKendrick, trustees of Plainview School District No. —, in Cherokee county, State of Texas, from the 2d day of February, 1885, to the 27th day of February, 1885, both days inclusive, being twenty days, at $50 per month.

(Signed)                    "J. H. ANDERSON, Teacher.

"Sworn to and subscribed before me this 28th February, 1885.

(Signed)                    "M. J. WHITMAN, C. Judge C. C."

One of the grounds of exception to the validity of the indictment was that "the oath set out and pleaded in the indictment (the one above copied) is not the oath, in words or substance, as required by law for teachers to make in order to procure their vouchers or drafts by which they draw their pay."   And it is claimed for error that the court overruled the exception or motion to quash, based upon this ground.   It is provided by statute that "the amount con-

tracted by trustees to be paid a teacher shall be paid on a check drawn by a majority of the trustees on the county treasurer and approved by the county judge. The check shall in all instances be accompanied by the affidavit of the teacher that he is entitled to the amount specified in the check as compensation under his contract as a teacher." (Rev. Stats., art. 3761.) This statute is reproduced *verbatim* in the school laws found in the general laws, special session, 1884, p. 55, sec. 79*d*.

This affidavit would in and of itself be insufficient under the law; because the law requires a check drawn by a majority of the trustees, and this check is in all instances to be accompanied by the affidavit of the teacher. The indictment, before setting out appellant's affidavit as aforesaid, does set forth the check which was drawn by the trustees of Plainview School District, No. 40, Cherokee county, Texas, in favor of appellant, on the county treasurer for $50, for services as a teacher for the month ending the 27th of February, 1885. This check was signed by three of the trustees, and the affidavit above copied is the affidavit of the teacher accompanying the check of the trustees. We are of opinion that the check and affidavit are in substantial compliance with the requirements of the statute. Moreover, they appear to have been made upon forms prepared expressly for such matters, doubtless by the superintendent of public instruction, or whatever other officer has general control and direction of such matters. The indictment is a good one, and the court did not err in overruling the exceptions thereto.

On the trial Bose McCrimmon, one of the trustees who had signed the check, testified for the State, in substance, that he and the other two trustees whose names were attached to the check signed the same in favor of J. H. Anderson, for $50. That at the time of drawing the check Anderson had not taught in the Plainview public school for the month of February. That, the trustees, believing that the money drawn for, if not drawn out of the treasury by them, would lapse or go back into the general school fund and be lost to Plainview district if they did not draw and use it,—they, the trustees, made a contract with Anderson that he would thereafter teach for the month of June; and the "said trustees made this suggestion to defendant to draw the money, the $50, out of the treasury in February, and to teach school in June instead of February."

This connection of the trustees with the transaction made each one of them a *particeps criminis* to the extent, at least, that his testimony against defendant should be held and treated as accom-

plice testimony, and subject to the rules providing the necessity for corroboration of the same. The testimony of McCrimmon was most important in showing, in connection with the witness Whitman, who was the only other witness, that defendant had not taught the school in February. In perjury, two credible witnesses, or one with strong corroboration, are required to support the conviction. (Code Crim. Proc., art. 746.)

Now the rule is that "in all cases where an accomplice or *particeps criminis* testifies in behalf of the State, or where the evidence, tends to show that one or more of the State's witnesses are accomplices, the law in relation to such testimony should be given in charge to the jury." (See Willson's Crim. Forms, 714*a*, p. 334, and note citing Clark's Crim. L., pp. 552, 553, and note 224; 17 Texas Ct. App., 414; id., 452; 16 Texas Ct. App., 25; id., 93; id., 312; 15 Texas Ct. App., 156; id., 169; id., 560.)

In the otherwise full and lucid charge of the court in this case we fail to find any instruction relative to the accomplice testimony, and for this error of omission as to the law applicable to the case, the judgment will be reversed and the cause remanded for another trial.

*Reversed and remanded.*